**NATIONAL PARK RENTAL ASSESSMENT PROCEEDING,
For the Village of Afono, and concerning AOELUA VALOVALO
and AOELUA COMMUNAL FAMILY, Claimants.**

High Court of American
Land and Titles Division

NP No. 04-93

January 26, 2005

Before RICHMOND, Associate Justice; and SAGAPOLUTELE, Associate Judge.

Counsel: For Claimants, Charles V. Ala`ilima
For Respondent Village Council of Afono, Arthur Ripley, Jr.

ORDER DENYING PETITION FOR INCLUSION IN DISTRIBUTION
OF AND RECOVERY OF UNPAID PRIOR RENTAL
COMPENSATION

On February 23, 2004, Claimants Aoelua Valovalo ("Aoelua") and Aoelua Communal Family ("Aoelua family") filed a petition for their inclusion in the list of National Park rental compensation payees for the Village of Afono and for recovery of unpaid rental compensation from February 1, 1994, the beginning of the term of the Lease Agreement ("Lease Agreement"), entered on October 9, 1993, between the lessor American Samoa Government ("ASG"), by the Governor of American Samoa ("Governor"), representing the owners of the land in the National Park of American Samoa ("National Park") and lessee United States of America, represented by the National Park Service for the United States Secretary of the Interior. Respondent Village Council of Afono ("Afono Council") answered the petition by denying that Aoelua and the Aoelua family are entitled to share in the rental compensation paid for National Park land in Afono. An evidentiary hearing was held on April 14, 2004. Aoelua appeared for himself and on the Aoelua family's behalf. The Afono Council appeared by council members Tela Malaga ("Tela") and Sua Matautia. Both counsel were also present.

## Background

This Court tailored National Park proceedings in order to facilitate the Court's obligation under the federal law creating the park, 16 U.S.C. §§ 410qq-410qq-4, to annually approve the payees receiving rental compensation for lands within the Park. The Court issued special Supplemental Rules for Determination of Rental Compensation under the National Park Lease Agreement ("RCR") for this purpose.

■ The National Park uniquely exists among United States national parks as a federal leasehold, rather than ownership of the land within the Park. The National Park presently encompasses areas within the villages of Pago Pago, Fagasa, Vatia, and Afono on the Island of Tutuila, the counties of Faleasao and Fitiuta on the Island of Ta`u, and along a reef and beach on the Island of Ofu. The National Park Service, in order to identify boundaries between the villages on Tutuila and Ta`u, but without binding legal effect, used the boundaries drawn by the U.S. Navy under the Navy administration, during the initial era of the Territory of American Samoa. The Park lands within the villages on Tutuila and counties on Ta`u are largely mountainous terrain and, except for some agricultural use and roads, undeveloped. For the most part, the boundaries of parcels within the Park lands have not been surveyed and therefore actual ownership of parcels has not been registered. Moreover, ASG and the Governor relied upon landowner agreements that stipulated

to participation in the High Court process and authorized the Governor to negotiate the Lease Agreement terms, but did not identify owners with specific parcels of land. Thus, basing rental compensation payments on ownership of defined parcels before implementing the Park program would have been, and still is, a monumental and impractical task. A workable alternative payment system was necessarily put in place and is still the functionally-valid approach.

■■■ The federal enabling law, at 16 U.S.C. § 410qq-1(d)(2), implicitly envisions both public and private lands within the National Park. Accordingly, for the villages on Tutuila and counties on Ta`u, the Court looks to the village and county councils to certify, presented through a designated representative for communication purposes, the rental compensation payees. RCR Rule D. Each council certifies the *sa`o* or other family representative as the payee for communal lands, RCR Rule D(2)(b), and the owner or other representative as the payee for individually owned lands. RCR Rule D(2)(c) . For National Park purposes only, public "village land" is defined as land not commonly recognized within the village as either communal or individually owned land, RCR Rule D(2)(d), and is identified when a council certifies payments in equal or proportionate amounts to the *sa`o* or other representatives of families participating in village or county affairs in accordance with village or county traditions.

The Court approves payment of the rental compensation to the payees in the village or county, based on the funds allocated to the village or county, after resolving any discrepancies in the certified information. RCR Rule E. However, the Court's resolution process is non-adversarial, without *res judicata,* collateral estoppel, or similar legal effect. Boundary or ownership disputes must still be adjudicated in regular proceedings before the Court's Land and Titles Division. RCR G(1). Annual recertification is required, affording each council opportunity to change the identified payees and their share of the rental compensation. RCR F.

### Discussion

The National Park lands in the Village of Afono are located almost entirely at the top or on the north side slopes of the mountainous spine along the central portion of the Island of Tutuila. We begin by finding that under the evidence, the Aoelua family does not own land in Afono within the National Park. Thus, ownership of National Park land is ruled out as a basis for Aoelua, on the Aoelua family's behalf, sharing in the distribution of the rental compensation provided for Afono payees.

■ The Village Council of Afono has consistently certified five recipients of the National Park lease rental compensation, in equal amounts, from lease year 1 beginning on February 1, 1994, through every following lease year, including the current lease year (year 11) ending on January 31, 2006. Because of this certification structure, we have always recognized and construed the Afono Council's certifications as treating the Afono Park lands as village lands solely for purposes of the National Park rental compensation payments. Each of the five payees is the *sa`o* of an Afono family who acknowledges and functions under Afono's traditional chiefly structure, and is accordingly an accepted and participating member of the Village Council. The Afono Council's selected distribution system is proper under the Court's established guidelines for payment of the National Park rental compensation. The Council has also consistently excluded the Aoelua titleholder from its certified list of payees, and the Aoelua family consequentially.

The Council's exclusion of the Aoelua titleholder involves an internal Afono issue over the traditional hierarchical structure and social order of the village. Regardless of when this controversy first developed, it is clearly manifested in the complete record of *Aoelua Family v. Tela*, LT No. 31-80, a land title registration case. That action pitted an elderly stepfather, Aoelua Solimio, against his considerably younger stepson, Tela Panini. Tela Panini objected to Aoelua Solimio's offer to register certain land in the Afono village center as the Aoelua family's communal land. Aoelua Solimio, holding the Aoelua title, claimed that the Aoelua title is separate from the Tela title and that he had the *pule* over the land then at issue as the Aoelua family' s communal land. Tela Panini, holding the Tela title, maintained that the Aoelua title is a high talking chief within the Tela family and serves the Tela high chief title, and as such that the Tela title had the *pule* over the land at issue as the Tela family's communal land. The court decided that the Aoelua titleholder's proposed title registration was proper on the ground that the Aoelua and Tela titles were separate and the Aoelua family had lived on the land for many years, farmed it and buried many family members on it. *Id.*, slip. op. (Land & Titles Div. Nov. 24, 1982), *aff'd, Tela v. Aoelua Family*, AP No. 40-82, slip op. (App. Div. May 21, 1984).

In this action, Aoelua and the Aoelua family argue that since the Aoelua title is separate from the Tela title under *Aoelua Family*, he as the present Aoelua titleholder is entitled to receive an equal share in the National Park rental compensation for Afono with the Tela titleholder and other Afono payees. We disagree. The Aoelua and Tela titles are judicially recognized as separate titles, and the Aoelua titleholder has the *pule* over the specific family communal land at issue in *Aoelua Family*. However, it does not follow as a matter of course that the Aoelua title is not a talking chief title serving the Tela high chief title. Under the evidence,

we find that the Aoelua title is customarily and clearly under the Tela title in Afono's customary social order. A lesser title may be separate from a higher title, and on that basis have the *pule* over communal land pertaining to the family of the lesser title, but that lesser title may still be subservient to, rather than independent from, the higher title under the traditional hierarchy of the village concerned. The *Aoelua Family* court did not address whether the Aoelua title is independent from the Tela title when village matters involving traditional *matai* relationships are undertaken. We find that in Afono's hierarchical structure, the Aoelua talking chief title serves and is not independent from the Tela high chief title.

The Aoelua titleholders have, for the most part, disdainfully disregarded the traditional connection in Afono's history between the Aoelua and Tela titles ever since *Aoelua Family* was decided. The present Aoelua has approached the Afono Village Council to make amends in a traditionally acceptable manner. However, Tela and the other members of the Council have rejected Aoelua's overtures, unless and until he is prepared to acknowledge that the Aoelua title is under and serves the Tela title. Aoelua has refused to make this concession.

The ultimate resolution of the relationship between Aoelua and Tela in customary Afono affairs is a matter requiring internal village decision-making. Meanwhile, however, we will not disrupt or otherwise interfere with the village's social order by recognizing and adding Aoelua as a payee of National Park rental Compensation.

## Order

The Aoelua titleholder is not presently entitled to receive on behalf of the Aoelua family a share of the rental compensation provided for the National Park leased lands in the Village of Afono. Therefore, Aoelua's claim for payment of the rental compensation, prospectively and retroactively, is denied. It is so ordered.